# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 21, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| JAMES A. PARKER, | * | |
| | * | No. 18-602V |
| Petitioner, | * | |
| | * | Special Master Sanders |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Nancy Routh Meyers*, Turning Point Litigation, Greensboro, NC, for Petitioner.
*Rachelle Bishop*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On February 24, 2021, James A. Parker ("Petitioner") filed a motion for interim attorneys' fees and costs, requesting **$59,314.16** for his counsel, Ms. Nancy Meyers, for work performed while at Ward Black Law, and through her continuing representation of Petitioner at Turning Point Litigation. Mot. Int. Attorneys' Fees & Costs at 1, ECF No. 45 [hereinafter "Fees App."]. On March 9, 2021, Respondent filed his response to Petitioner's motion. Resp't's Resp., ECF No. 47. In his response, Respondent stated that "[s]hould the Special Master be satisfied that the reasonable basis and interim fee award standards are met in this case, [R]espondent respectfully recommends that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 4. Petitioner filed a reply to Respondent's response on March 12, 2021, and agreed with Respondent's recommendation. Pet'r's Reply at 1, ECF No. 48. For the reasons stated below, the undersigned will award interim attorneys' fees and costs for Petitioner's counsel at this time.

### I.     Procedural History

On April 26, 2018, Petitioner filed a petition for compensation pursuant to the National

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted Decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

Vaccine Injury Compensation Program ("Program").[2] 42 U.S.C. §§ 300aa-1 to -34 (2012); Pet., ECF No. 1. Petitioner alleges that as a result of a quadrivalent influenza ("flu") vaccine received on November 3, 2016, he suffered from injuries including Guillain-Barré Syndrome ("GBS"). Pet. at 1. Over the following year, Petitioner filed medical records and a statement of completion. ECF Nos. 4, 10, 12.

On March 14, 2019, Respondent filed his Rule 4(c) report, indicating that this case was not appropriate for compensation. Resp't's Report at 1, ECF No. 22. Thereafter, Petitioner filed additional medical records, an affidavit, medical literature, and multiple expert reports from Dr. Lawrence Steinman, with Respondent providing expert reports from Dr. Thomas Leist. ECF Nos. 29, 30, 32, 33–35, 37, 41–43. This case is awaiting an entitlement hearing.

## II.     Availability of Interim Attorneys' Fees and Costs

### A.  Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1) (2012). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and the undersigned finds that the statutory criterion for an award of interim fees and costs are met.

### B.  Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The Court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim[.]" *Shaw v. Sec'y of Health & Hum. Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Hum. Servs.*, No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of Health & Hum. Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("[t]he delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year."). As Petitioner's case was filed on April 26, 2018, it has been pending for more than three years. *See* Pet. At the current pace, an entitlement hearing and the subsequent decision may not occur for a year or longer.

Meanwhile, Petitioner's fees and costs have accumulated in the course of prosecuting this

---

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

case. Petitioner's counsel has requested **$59,314.16** in fees and costs, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Because of the protracted nature of the proceedings and the accumulation of fees and costs, the undersigned finds an award of interim attorneys' fees and costs reasonable and appropriate in this case.

### III. Reasonable Attorneys' Fees

Only reasonable attorneys' fees may be awarded, and it is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("the reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). In making a determination, applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

The Federal Circuit has approved the lodestar formula to determine reasonable attorneys' fees under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step approach. *Id*. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Avera*, 515 F.3d at 1348.

#### A. Reasonable Rates

Forum rates are used in the lodestar formula, except when the rates in an attorneys' local area are significantly lower than forum rates. *Id.* at 1348–49. In a 2015 decision, Special Master Gowen determined the reasonable forum rate ranges for attorneys with varying years of experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *18-19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). When considering whether a requested rate is reasonable, special masters may consider an attorney's overall legal experience and his experience in the Vaccine Program, as well as the quality of the work performed. *Id.* at *17. The *McCulloch* rates have been updated for subsequent years and are accessible on the Court's website at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

##### a. Reasonable Hourly Rates

Petitioner requests that his counsel, Nancy Meyers, be compensated at the following hourly rates for her representation of Petitioner: $350 per hour for work performed in 2016–2017; $375 per hour for work performed in 2018; $390 per hour for work performed in 2019; $400 per hour for work performed in 2020; and $430 per hour for work performed in 2021. Petitioner requests the paralegal assisting Ms. Meyers, Ms. Lisa Hobbs, be compensated at $145 per hour for work performed in 2016–2019; $150 per hour for 2020; and $155 per hour for work performed in 2021.

3

The undersigned has reviewed the hourly rates requested by Petitioner for the work of his counsel through the duration of this case. The billing records indicate that all the attorney work in this case has been performed by Nancy Meyers, with supporting work from paralegal Lisa Hobbs. The hourly rates requested for these individuals are consistent with what they have previously been awarded for Vaccine Program work, and the undersigned finds them to be reasonable for work performed in the instant case as well.

### b. Hours Expended

The second step in *Avera* is for the Court to make an upward or downward modification based upon specific findings. *Avera*, 515 F.3d at 1348. Upon review, the undersigned finds that the billed hours are largely reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed by herself and her paralegal, and upon review, the undersigned does not find any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to the full amount of interim attorneys' fees requested in the amount of **$46,681.50**.

## B. Costs

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioner has requested **$12,632.66** in interim costs. Fees App. at 1. This amount is comprised of acquiring medical records, postage, photocopies, the Court's filing fee, and expert work performed by Dr. Lawrence Steinman. Petitioner has provided adequate documentation of the requested costs, and the costs are largely reasonable in the undersigned's experience. Accordingly, the full amount of costs requested shall be awarded.

## IV. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for interim fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Interim Attorneys' Fees Requested | $46,681.50 |
| (Reduction to Fees) | - |
| **Interim Attorneys' Fees Awarded** | **$46,681.50** |
| | |
| Interim Attorneys' Costs Requested | $12,632.66 |
| (Reduction of Costs) | - |
| **Interim Attorneys' Costs Awarded** | **$12,632.66** |
| | |
| **Interim Attorneys' Fees and Costs** | **$59,314.16** |

Accordingly, the undersigned awards a lump sum in the amount of **$59,314.16** to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Nancy Meyers, of Turning Point Litigation, for interim attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the above Decision.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders<br>
Herbrina D. Sanders<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.